[Filed June 18, 1892.]

## T. E. HOGG v. M. M. DAVIS.

TIDE LANDS— TITLE OF STATE— STARE DECISIS.— On the authority of *Bowlby* v. *Shively, ante,* 410, it is *held,* that the title to the tide lands in the state vested in the state when it was admitted into the union.

Benton county: M. L. PIPES, Judge.

Defendant appeals.  Affirmed.

*J. K. Weatherford,* for Appellant.

*J. R. Bryson,* and *Dolph, Bellinger, Mallory & Simon,* for Respondent.

LORD, J.—This is a suit to restrain the defendant Davis from erecting a building on certain tide lands belonging to the plaintiff in Benton county.  The complaint alleges, that the legislature of Oregon, by an act approved October 24, 1875, granted to the Willamette Valley & Coast Railroad Company, and its assigns, all the tide and marsh lands in Benton county, upon the filing of its acceptance of said grant within thirty days, which acceptance was duly filed; that the land in question consists of all that parcel of land situate in front of lots 1 and 2 in section 28, and lot 8 in section 27, township 11 south, range 11 west, of Willamette meridian, said land being between the line of ordinary high and ordinary low water on Yaquina bay, and being a part of the tide and marsh lands selected in said county, and is a tide flat about one hundred and forty

feet in width. The complaint alleges various amendments of the act referred to, not material to be considered on this argument. It shows title in plaintiff by mesne conveyances from the state's grantee of all the rights and title which the state could grant. It is alleged that said lots 1, 2, and 8 were filed upon and claimed June 16, 1869, by one Daniel Brown, under the homestead laws of the United States; that a final homestead certificate was issued to Brown on April 1, 1875, and that a patent was issued on such certificate to Brown on the first day of the following June; that whatever right Brown acquired under these proceedings and patents, passed by mesne conveyances to the defendant; that the defendant, claiming to have some easement therein by virtue of the said homestead title to said lots, has gone upon said tide lands and driven piles, and has begun the erection of a large and permanent structure therein, and threatens to complete the same, and will do so unless restrained by the court; that such structure will be a permanent obstruction to the use of plaintiff's premises and will greatly depreciate their value; that such structure is not in aid of commerce or designed or intended therefor, but is for his own individual use and benefit, and is an irreparable injury to the plaintiff.

The defendant demurred to the complaint upon the ground that it does not state facts sufficient to constitute a cause of suit. The demurrer was overruled, and a decree entered accordingly, whereupon the defendant brought this appeal. The contention in the case arises over the conflicting claims of the defendant as adjacent owner to an easement in such tide lands in question, and of the plaintiff as owner of the tide lands through title derived from the state. The defendant claims that the state had no title in the tide lands in question, or that whatever rights it had, were and are subject to an easement therein by the upland owner.

---

---

There is no other question presented in this case; and our opinion in *Bowlby* v. *Shively, ante,* 410, is decisive of the question involved.

It results that the judgment must be affirmed.